**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ernie C. DOYAN, Jr., Defendant–Appellant.**

**No. 89–3294.**

United States Court of Appeals, Tenth Circuit.

July 24, 1990.

its legitimate purpose as that purpose applies to an individual candidate's right to seek office.

Lee Thompson, U.S. Atty. and Robin Fowler, Asst. U.S. Atty., Wichita, Kan., for plaintiff-appellee.

Jim Lawing, Wichita, Kan., for defendant-appellant.

Before HOLLOWAY, Chief Judge, and ANDERSON and TACHA, Circuit Judges.

HOLLOWAY, Chief Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Defendant Ernie C. Doyan, having entered a plea of guilty to the charge of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1) (1990), now challenges on appeal the fine portion of his sentence. Doyan argues that the imposition of the fine of $32,291.92 constitutes (1) a misapplication of the United States Sentencing Guidelines rising to the level of an abuse of discretion on the part of the trial court, and (2) a violation of the defendant's equal protection rights under the United States Constitution. Finding no merit in either of Doyan's arguments, we affirm.

## I. *Background*

Over a period of several months during 1988, the defendant negotiated with an undercover agent to purchase approximately one kilogram of cocaine. Doyan, who was then employed as manager of a pawn shop in Wichita, Kansas, was apparently acting as an intermediary between the undercover agent and a Mr. James Labat, whose money was to be used to purchase the cocaine. In what may be described as a "reverse sting" operation, the undercover agent agreed with the defendant that on January 11, 1989, Doyan was to bring $20,000 to a Wichita motel where the money would be exchanged for one kilogram of cocaine. At

the conclusion of the transaction with the undercover agent, the defendant was arrested.

After his arrest, the defendant accepted responsibility for his crime and cooperated fully with the government. As part of a plea agreement, Doyan entered a plea of guilty to the 21 U.S.C. 841(a)(1) (1990) violation. The government filed a motion pursuant to 18 U.S.C. 3553(e), requesting that the court impose a sentence below the statutory minimum of five years. 21 U.S.C. 841(b)(1)(B) (1990). Doyan was sentenced to 24 months of incarceration to be followed by five years of supervised release. TR. II at 9–10. The defendant was also fined $32,291.92, along with a special assessment of $50 under 18 U.S.C. 3013. The fine of $32,291.92, which is to be paid by the end of the term of supervised release, was based on official estimates of the cost to the government of Doyan's confinement and supervised release. *Id.* at 10. The range of the fine that could have been imposed under 21 U.S.C. 841(b)(1)(B) was up to $2,000,000.

## II. *Abuse of Discretion Argument*

■ Defendant contends that the trial court abused its discretion by imposing a fine of $32,291.92. It is argued specifically that Doyan lacks the financial capacity to pay the fine and that the court is obligated under the United States Sentencing Guidelines to impose a fine that does not exceed the defendant's ability to pay.

■ We review the district court's application of the Sentencing Guidelines to the facts of this case according to a "due deference" standard. *United States v. Kirk*, 894 F.2d 1162, 1163 (10th Cir.1990). The court's legal conclusions are subject to *de novo* review. *Kirk*, at 1163; *United States v. Smith*, 888 F.2d 720, 723 (10th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990).

According to the uncontested presentence report that was prepared for the district court, the defendant has no substan-

tial assets [1] and his net income is approximately $1,000 per month. Of that, $605 is to be paid in child support for children of two previous marriages. Although it is clear that the fine is likely to constitute a significant financial burden for a defendant of Doyan's income and resources, we cannot agree that the fine imposed amounts to an abuse of discretion.

The Sentencing Guidelines specifically state that "[t]he amount of the fine should always be sufficient to ensure that the fine … is *punitive.*" UNITED STATES SENTENCING GUIDELINES COMMISSION, GUIDELINES MANUAL § 5E1.2(e) (1989) (emphasis added). Moreover, § 5E1.2(i) states in mandatory terms that "the court shall impose an additional fine amount [in excess of that which might be paid in restitution to crime victims] that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." *Id.* § 5E1.2(i). The mandatory language of § 5E1.2 is, however, subject to the following provisions set forth in § 5E1.2(f):

> If the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, *the court may impose a lesser fine or waive the fine.* In these circumstances, the court shall consider alternative sanctions in lieu of all or a portion of the fine, *and must still impose a total combined sanction that is punitive.*

*Id.* § 5E1.2(f) (emphasis added).

Based on our reading of the Guidelines and the record, we conclude that the trial court acted within its discretion. Sections 5E1.2(e) and 5E1.2(i) of the Guidelines mandate a punitive fine that is at least sufficient to cover the costs of the defendant's incarceration and supervision, subject to the provisions of § 5E1.2(f), quoted above. Section 5E1.2(f) requires the court to *consider* alternative sanctions and gives the court the *option* to reduce or waive the

---

**1.** The presentence report notes that Doyan went through bankruptcy proceedings in July of 1988. Criminal fines, however, are not general-

ly dischargeable in bankruptcy. 11 U.S.C. § 523(a)(7) (1989).

fine in light of defendant's financial hardship. Doyan's argument that "judicial discretion is limited by the requirement that a court impose a fine based on the defendant's ability to pay," Brief of Appellant at 3, does not comport with the plain meaning of the relevant Sentencing Guidelines provisions. Although the court is obliged to consider the defendant's financial status and possible alternative sanctions, the Guidelines impose no obligation to tailor the fine to the defendant's ability to pay. GUIDELINES MANUAL, § 5E1.2(f).

The record suggests that the court did give appropriate consideration to Doyan's specific circumstances before imposing its sentence. The court granted the government's motion for a downward departure that reduced the defendant's prison sentence to two years, rather than imposing the five-year statutory minimum or more. TR. II at 9. The issue of Doyan's financial limitations, moreover, was raised both in the presentence report and during the sentencing hearing by defense counsel for consideration by the court. *Id.* at 11–13.

We note that in the context of determining amounts to be paid in restitution to crime victims under the Sentencing Guidelines and the Victim and Witness Protection Act of 1982, Pub.L. No. 97–291 (codified as amended at 18 U.S.C. §§ 3663–3664 (1985 & Supp.1990)), some circuits have held that the district court must state findings regarding the defendant's financial capacity, and that an award ignoring financial inability to pay may constitute an abuse of discretion. *See e.g., United States v. Clark,* 901 F.2d 855, 857 (10th Cir.1990); *United States v. Mitchell,* 893 F.2d 935, 936 (8th Cir.1990); *United States v. Seminole,* 882 F.2d 441, 443 (9th Cir. 1989); *but see also United States v. Miller,*

900 F.2d 919, 925 (6th Cir.1990) (restitution award exceeding defendants' annual income by several times was not *per se* unreasonable in light of all financial data). That statute mandated only consideration of indigency in framing a restitution award; indigency is not a bar to restitution. *United States v. Sunrhodes,* 831 F.2d 1537, 1546 (10th Cir.1987); *United States v. Purther,* 823 F.2d 965, 969–70 (6th Cir.1987); *United States v. Golomb,* 811 F.2d 787, 791 (2d Cir.1987). However, the fine imposed in the present case is not to be paid in restitution to victims of the defendant's crime under the Victim and Witness Protection Act. *See* 18 U.S.C. §§ 3663–3664 (1990); *United States v. Clark,* 901 F.2d at 857. It is a separate fine levied to repay the government for the costs of incarcerating and supervising the defendant. Distinguishing the financial capacity inquiry in the present case from the inquiry in cases where restitution to victims is at issue, we hold that in setting Doyan's fine, the district court complied with the Sentencing Guidelines §§ 5E1.2(e), 5E1.2(f) and 5E1.2(i).

### III. *Equal Protection Argument*

■ Defendant's second appellate argument is that the Sentencing Guidelines provision requiring those convicted and sentenced to pay the costs of their incarceration, Guidelines § 5E1.2(i), violates equal protection principles.[2] Brief of Appellant at 4. Doyan's argument is that requiring convicts to pay the costs of confinement amounts to an irrational and arbitrary classification, impermissibly burdening a narrow group of citizens.[3] The government argues that defense counsel failed to raise this constitutional argument below. Although as a rule, "[i]ssues not raised in the trial court will not be considered for the

---

**2.** We infer from Doyan's brief that he seeks to invoke the equal protection component of the Due Process Clause of the Fifth Amendment. *See* ROTUNDA, NOWAK & YOUNG, TREATISE ON CONSTITUTIONAL LAW: SUBSTANCE AND PROCEDURE, § 18.1 (1986) ("if the federal government classifies individuals in a way which would violate the equal protection clause [of the Fourteenth Amendment], it will be held to contravene the due process clause of the Fifth Amendment"); *see also Bolling v. Sharpe,* 347

U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954).

**3.** Defendant has not argued that the fine unfairly burdens the indigent. An argument positing an impermissible restriction of a fundamental constitutional right based on individual wealth may invoke a different constitutional analysis, *see, e.g., Williams v. Illinois,* 399 U.S. 235, 244, 90 S.Ct. 2018, 2023–24, 26 L.Ed.2d 586 (1970) (Equal Protection Clause "requires that the stat-

first time on appeal," *United States v. Mitchell*, 783 F.2d 971, 975 (10th Cir.), *cert. denied*, 479 U.S. 860, 107 S.Ct. 208, 93 L.Ed.2d 138 (1986), we choose to address briefly defendant's equal protection argument in the interests of clarifying the application of the Sentencing Guidelines and the fundamental nature of the constitutional claim asserted.

Our analysis of the constitutionality of a Sentencing Guidelines provision begins with the understanding "that a strong presumption of constitutionality attends a law which has been produced by the solemn prerequisites of Congressional enactment and Presidential approval." *United States v. Belgard*, 694 F.Supp. 1488, 1494 (D.Or.1988), *aff'd.*, 894 F.2d 1092 (9th Cir.1990), *citing, inter alia, Rostker v. Goldberg*, 453 U.S. 57, 64, 101 S.Ct. 2646, 2651, 69 L.Ed.2d 478 (1981); *Fullilove v. Klutznick*, 448 U.S. 448, 472–73, 100 S.Ct. 2758, 2771–72, 65 L.Ed.2d 902 (1980). Where a federal statute neither abridges a fundamental right, nor imposes a "suspect classification," we apply a rational basis test to determine whether the statute has "a rational relationship to a legitimate governmental interest." *Vanater v. Village of South Point*, 717 F.Supp. 1236, 1244 (S.D.Ohio 1989). Rational basis scrutiny is appropriate in the present case because the constitutional claim concerning the fine implicates no fundamental constitutional right on the part of convicted felons to have the costs of their imprisonment

and supervision paid by the taxpayers.[4] Nor is there any suggestion that the contested fine has been imposed on the basis of a suspect classification such as race. *See generally*, ROTUNDA, NOWAK & YOUNG, TREATISE ON CONSTITUTIONAL LAW, § 18.8 at 382 (1986) (classifications based on race or national origin are suspect and subject to strict scrutiny).

The narrow question before us, therefore, is whether requiring such reimbursement from a convicted felon for the costs of his incarceration and supervision bears "some rational relationship to a legitimate state purpose." *Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 172, 92 S.Ct. 1400, 1405, 31 L.Ed.2d 768 (1972). Clearly, the federal government, "has a fundamental interest in appropriately punishing persons—rich and poor—who violate its criminal laws." *Bearden v. Georgia*, 461 U.S. 660, 669, 103 S.Ct. 2064, 2071, 76 L.Ed.2d 221 (1983). Whether the purpose of the contested fine is to punish, deter, or to spare the taxpayers a substantial expense that has been generated by an intentional criminal act, we cannot say that Guideline § 5E1.2(i) as applied here bears no rational relation to the legitimate governmental interest in criminal justice.

AFFIRMED.

---

utory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status"); TRIBE, AMERICAN CONSTITUTIONAL LAW, §§ 16–36 to 16–39 (1988); ROTUNDA, NOWAK & YOUNG, TREATISE ON CONSTITUTIONAL LAW: SUBSTANCE AND PROCEDURE, § 18.25 (1986), but that argument is not before us in the present case.

**4.** Although we have found no cases specifically addressing the Equal Protection argument raised by Doyan, we note that it has been held that the Equal Protection Clause does not bar a state government from charging a criminally insane mental hospital patient to contribute to his care to the extent of his reasonable ability. *Fayle v. Stapley*, 607 F.2d 858, 863 (9th Cir. 1979).

The two California Supreme Court cases cited by defendant in support of his constitutional

argument, *Department of Mental Hygiene v. Kirchner*, 60 Cal.2d 716, 36 Cal.Rptr. 488, 388 P.2d 720 (1964); *In re Jerald C.*, 36 Cal.3d 1, 201 Cal.Rptr. 342, 678 P.2d 917 (1984), are inapposite. In *Kirchner* it was held that the State of California could not recover the costs of maintaining a mentally ill state hospital patient from the estate that the patient had left to her incompetent daughter; "such assessment violates the equal protection clause." *Kirchner*, 36 Cal.Rptr. at 490, 388 P.2d at 722. In *In re Jerald C.* it was held that a California county could not recover from a minor's parents the costs of caring for the minor while he was confined to the county's juvenile hall; "when incarceration or commitment is for the protection of society, it is arbitrary to assess relatives for the expense." *Jerald C.*, 201 Cal.Rptr. at 344, 348, 678 P.2d at 919, 923. Neither case deals with the circumstances of the present case; *i.e.*, the incarceration of a mentally competent adult whose incarceration results from his own unlawful conduct.