**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Kelly BISHOP,**
**Defendant-Appellant.**

**No. 90-6129.**

United States Court of Appeals,
Tenth Circuit.

Dec. 18, 1990.

Rehearing Denied Jan. 23, 1991.

Leslie M. Kaestner, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., with her on the brief), Oklahoma City, Okl., for plaintiff-appellee.

William P. Earley, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Before BRORBY, BARRETT and EBEL, Circuit Judges.

BARRETT, Senior Circuit Judge.

Bishop appeals his sentence imposed under the Federal Sentencing Guidelines, Sen-

tencing Reform Act of 1984, 18 U.S.C. § 3553, *et seq.*

Bishop was convicted pursuant to a two-count indictment charging him with bank robbery by force, violence, and intimidation in violation of 18 U.S.C. § 2113(a). He was sentenced to twenty years concurrent imprisonment on each count. On appeal, we affirmed the convictions but remanded for resentencing under the Sentencing Guidelines. *United States v. Bishop*, 890 F.2d 212, 220 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1164, 107 L.Ed.2d 1067 (1990).

Upon remand, Bishop's case was referred to a probation officer for preparation of a presentence report. Bishop's presentence report reflected a criminal history of larceny by fraud (trencher and trailer); larceny by fraud (two cement mixers); and knowingly concealing stolen property. The presentence report also reflected that Bishop had pled guilty to all three felonies; the above felony charges were consolidated for sentencing; and Bishop was sentenced to three years concurrent imprisonment on each felony.

Each of Bishop's three prior felonies were committed on separate days over a thirty-day period. However, they were considered "related" cases under U.S.S.G. § 4A1.2, comment. (n. 3), because they were "consolidated for ... sentencing." Moreover, as related cases, the three sentences were "to be treated as one sentence for purposes of the criminal history" in accordance with § 4A1.2(a)(2).

Inasmuch as Bishop's three prior felonies were considered related cases and his three sentences were treated as one sentence for purposes of his criminal history, Bishop's presentence report reflected a total of only three criminal history points, resulting in a criminal history category of II. Under cat-

egory II, Bishop's Sentencing Guideline range of imprisonment was forty-one (41) to fifty-one (51) months.

During Bishop's sentencing hearing on remand, the district court stated that it was considering an upward departure based on *United States v. Gross*, 897 F.2d 414 (9th Cir.1990).[1] Bishop argued that *Gross* should not be followed because it allowed the district court to disregard the commentary and application notes. Bishop also argued that his three prior felonies were in fact related because they were part of a common scheme or plan with the common goal of obtaining money and were not separate and distinct felonies. Lastly, Bishop argued that his criminal history category was not significantly underrepresented by the three criminal history points and that an upward departure was not warranted.

In response, the government contended that it is common, after a defendant has been apprehended, for the court to dispose of all pending criminal charges at one time in order to aid and assist courts with their very tight schedules. The government argued that it would be "farfetched" to ask the court to sentence a defendant on different days, at different times or before a different judge for each criminal offense that might be currently pending in order to develop a true and accurate reading of a defendant's criminal history. Finally, the government contended that the court should not consider Bishop's three prior felonies as one act and that the district court should properly consider *Gross* in sentencing Bishop.

Thereafter, the district court, in departing upward, stated:

> Paragraph 52 of the presentence report notes possible reasons for upward departure. Specifically, the court finds that the defendant's Criminal History

---

1. In *Gross*, the defendant's criminal history included three convictions consolidated for sentencing. The parties stipulated that the convictions arose out of unrelated criminal activity. Counsel for Gross argued that inasmuch as the convictions had been consolidated for sentencing, they should be considered as related under § 4A1.2(a)(2) and treated as one sentence or three criminal history points. The district court

rejected this argument and found that the three convictions merited three criminal history points each, for a total of nine criminal history points. On appeal, the court affirmed, holding that Gross' three prior convictions were not related within the meaning of § 4A1.2(a)(2), notwithstanding the fact that the cases had been consolidated for sentencing.

Category of II does not adequately reflect the seriousness of his past criminal conduct.... While one prior conviction was given criminal history points, two prior criminal convictions, which where unrelated separate crimes committed on separate days, February 28, 1981, and March 12, 1982, received no criminal history points because the sentencings on those offenses were consolidated.

Thus, an upward departure is warranted in this case and shall be guided by the guideline range provided in Criminal History Category Roman Numeral IV ... and a guideline range of 57 to 71 months....

(R., Vol. II at pp. 18–19).

The court sentenced Bishop to 71 months imprisonment on each count, to be served concurrently, followed by five years of supervised release.

On appeal, Bishop contends that the district court erred in departing upward from the applicable sentencing guideline range in sentencing him to 71 months.

The parties agree that our review is governed by *United States v. White*, 893 F.2d 276 (10th Cir.1990), in which we set forth a three-step test for review of a sentencing court's upward departure from the Sentencing Guidelines:

In the first step, we determine whether the circumstances cited by the district court justify a departure from the Guidelines.... In the second step, we review any underlying factual determinations made by the district court.

\* \* \*

The third and final step in our inquiry is a review of the district court's degree of departure from the Guidelines.

893 F.2d at pp. 277–78. We observe that inasmuch as Bishop has challenged only the departure from the Guidelines and not the degree of the departure, our review will be limited to the first two steps in *White*.

Bishop argues that: the district court based its departure on *United States v. Gross, supra;* the parties in *Gross* stipulated that his three prior convictions were factually unrelated; his case is distinguishable from *Gross* because his three prior convictions were not only consolidated for sentencing but were also factually related; the nature of his prior felonies and the factual basis for his convictions indicate that they were part of a single common scheme or plan; the court did not specify why three criminal history points significantly underrepresented his criminal history; and inasmuch as the district court erroneously found that his three prior felony convictions were unrelated for purposes of criminal history computation, the court did not meet the first of the three tests set forth in *United States v. White, supra.*

The government responds that the district court did not err in departing upward in sentencing Bishop after finding that "the defendant's Criminal History Category of II does not adequately reflect the seriousness of his past criminal conduct," (R., Vol. II at p. 18), because the "two prior criminal convictions, which were unrelated separate crimes committed on separate days ... received no criminal history points." *Id.* at pp. 18–19. The government also argues that the upward departure was in accord with U.S.S.G. § 4A1.2, comment. (n. 3) in which the Sentencing Guidelines caution that "there may be overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history."

■ We review the district court's application of the Sentencing Guidelines to the facts of this case according to a "due deference" standard. *United States v. Doyan*, 909 F.2d 412, 415 (10th Cir.1990); *United States v. Kirk*, 894 F.2d 1162, 1163 (10th Cir.1990). In order for the district court to perform the tests set forth in *United States v. White*, the court must make adequate findings as mandated by 18 U.S.C. § 3553(c). *See, United States v. Freitekh*, 912 F.2d 421, 423 (10th Cir.1990).

■ Under § 3553(c), the court shall, whenever the sentence is outside the Guideline range, set forth "the specific reason for the imposition of a sentence different from that prescribed." In construing § 3553(c), we have held that the "language

of the statute [§ 3553(c)] makes it clear that it is not enough to state simply the reasons for a departure from the guidelines; the reasons for the 'particular sentence' must also be set forth." *United States v. Gardner*, 905 F.2d 1432, 1437 (10th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990). Moreover, we must vacate the sentence if the district court fails to comply with § 3553. *United States v. Beaulieu*, 900 F.2d 1531, 1535 (10th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 3252, 111 L.Ed.2d 762 (1990).

■ The Sentencing Guidelines recognize that a defendant's criminal history can justify a departure when the criminal history category does not adequately reflect the seriousness of the defendant's criminal background or the likelihood that he will commit further crimes. *United States v. Whitehead*, 912 F.2d 448, 452 (10th Cir. 1990); U.S.S.G. § 4A1.3.[2] See also *United States v. Brown*, 899 F.2d 94, 97 (1st Cir. 1990); *United States v. Harvey*, 897 F.2d 1300, 1306 (5th Cir.1990).

■ Applying these standards to the circumstances herein and mindful that we are to afford "due deference" to the district court's application of the Sentencing Guidelines, *United States v. Doyan, supra,* we hold that the district court did not err in departing upward and sentencing Bishop to 71 months concurrent imprisonment on his two-count conviction.

The court based its departure on its finding that the Bishop's criminal history category of II did not adequately reflect the seriousness of his past criminal conduct. Such a basis for departure was anticipated and specifically approved under § 4A1.3 and the cases construing it. Specifically, the court found that Bishop had two "unrelated separate crimes committed on separate days ... [for which he] ... received no criminal history points because the sentencings on those offenses were consolidated." (R., Vol. II at pp. 18-19). Inasmuch as

"the circumstances [inadequacy of Bishop's criminal history to reflect the seriousness of his prior criminal history] cited by the court are a proper justification for departure under the Guidelines ... and there is a factual basis for the cited circumstances [two unrelated separate crimes for which he received no criminal history points] ..., the decision to depart falls within the statutory authorization for departures and is, therefore, valid." *United States v. White,* 893 F.2d at p. 278.

That the district court was motivated to depart on the basis of *United States v. Gross, supra,* in no way invalidates its upward departure. *Gross* held that unrelated cases need not always be considered related under the Sentencing Guidelines simply because the cases were consolidated for sentencing. This holding is based on common sense. It recognizes the necessity of affording district judges a degree of discretion in working with the Sentencing Guidelines:

> The Federal Sentencing Guidelines were enacted to provide honesty, uniformity and proportionality in sentencing.... To read into the plain meaning of the statute the inference of the application note [§ 4A1.2, comment. (n. 3)] that every time a defendant is sentenced at a single hearing for multiple convictions those convictions are related would defeat both the intent of the statute and the public policy concerns over haphazard dispensation of justice. *A defendant convicted of multiple unrelated offenses who fortuitously is sentenced for all offenses by one judge at one time would subsequently face less punishment when his points are totaled than another defendant who committed the same crimes but was separately sentenced on successive days or on the same day by different judges. Aside from offending the legislative intent and public policy involved, such a result would be inequitable.*

---

**2.** § 4A1.3 provides in part:

> If reliable information indicates that the criminal history category does not reflect the seriousness of the defendant's past criminal conduct ..., the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include ... information concerning:
>   (a) prior sentence(s) not used in computing the criminal history category ...;

897 F.2d at p. 417 (emphasis supplied). *Gross* does not, as Bishop alleges, accord the district court a license to disregard the commentary in the Guidelines. Rather, *Gross* ensures that the intent of the Guidelines and its commentary is followed.

The district court specifically found that Bishop's criminal history included two "prior criminal convictions, which were unrelated separate crimes committed on separate days ... [which] ... received no criminal history points because the sentencings on those offenses were consolidated." (R., Vol. II at pp. 18–19). This finding, which was the integral "underlying factual determination" [*United States v. White*] upon which the district court based its upward departure, was not clearly erroneous.

Moreover, the court's upward departure fell squarely within the caveat of § 4A1.2, comment. (n. 3) that "[t]he court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history.... In such circumstances, the court should consider whether departure is warranted." Similarly, the court's upward departure fell squarely within the directive in § 4A1.3 that "[i]f reliable information indicates that the criminal history category does not reflect the seriousness of the defendant's past criminal conduct ..., the court may consider imposing a sentence departing from the otherwise applicable guideline range." Thus, the district court did not err in following *Gross* in departing upward.

AFFIRMED.

EBEL, Circuit Judge, dissenting:

I would reverse the decision of the District Court to depart upward, and accordingly, I respectfully dissent.

Pursuant to U.S.S.G. § 4A1.2 "Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." Note 3 to the Commentary for that section provides that:

"Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, *or* (3) were consolidated for trial or sentencing." [Emphasis added].

It is undisputed here that appellant's three prior convictions—Larceny by Fraud (Ditch Witch Tractor and Trailer), Larceny by Fraud (Two Cement Mixers), and Knowingly Concealing Stolen Property (pertaining to a backhoe)—were consolidated for trial and sentencing. Thus, they fall within the explicit and literal definition of "related cases" which are to be treated as a single sentence for purposes of criminal history calculations.

The District Court chose to depart by treating each of these three convictions separately for purposes of computing criminal history points. This had a dramatic effect of increasing the sentence appellant received for his current conviction from a range of 41–51 months to 71 months. Although the court found that treating these three prior convictions as "related cases" would not adequately reflect the seriousness of appellant's past criminal conduct, the court offered no reasons, nor are any apparent to me, why that is so.

If ever there was a heartland case where prior offenses should be considered related, it is this case. Not only do appellant's three prior convictions squarely meet the third definition of related cases provided in the commentary notes, but they also come very close to meeting the first two alternative definitions as well. All three offenses for which appellant was convicted occurred within less than a three week time span. Although they did not technically occur on "a single occasion, they were closely related from a temporal point of view.

And, at least two of the offenses shared a common set of facts involving renting a piece of construction equipment and then converting it to appellant's own use. The third offense, concealing stolen property, was also similar because it involved concealing a previously stolen piece of construction equipment. Further, the crimes also involved a common third party. Whether or not they were technically part of a common scheme or plan, the facts of each crime are similar, the method of operation the same, and the nature of each

charged offense was either identical or similar to the other offenses.

Appellant was arrested for all three crimes at the same time, convicted and sentenced for all three crimes at the same time, and given a consolidated sentence for all three crimes.

Departures should rarely occur, U.S.S.G. Ch. 1, Pt. A, Intro. comment. at 1.5–6, and should occur only when the facts are clearly outside the "heartland" contemplated by the guidelines. Nothing about the consolidation of appellant's three prior convictions is atypical, and it seems to me to be a heartland example of what the guidelines intended to be treated as "related." Accordingly, in my judgment, it was improper for the District Court to decline to so treat them.