UNITED STATES of America, Appellee,

v.

Elizabeth MASTROPIERRO, Appellant.

UNITED STATES of America, Appellee,

v.

Rachel FRANKEL, Appellant.

Nos. 90–3186, 90–3199.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 5, 1991.
Decided April 23, 1991.

Pamela Cardullo, Student Counsel,* with whom Steven H. Goldblatt (appointed by the Court) and Beth E. Cook were on the brief, for appellant Rachel M. Frankel.

Richard Seligman (appointed by the Court), for appellant Elizabeth Mastropierro.

David H. Baum, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Roy W. McLeese, III, and Eric B. Marcy, Asst. U.S. Attys., were on the brief, for appellee in both cases.

* Entered an appearance as student counsel pursuant to rule 19 of the General Rules of this court.

Before SILBERMAN, BUCKLEY and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

HENDERSON, Circuit Judge:

Appellants Rachel M. Frankel and Elizabeth Mastropierro each pleaded guilty to one count of depredation of federal property, in violation of 18 U.S.C. § 1361, for defacing the United States Capitol with human blood to protest the condition of the homeless. On August 15, 1990, the district judge sentenced each appellant to six months' imprisonment, suspended, two years' probation and a $5,000 fine. He also imposed on each a mandatory $50 special assessment. Each appellant appeals the amount of her fine on the ground that the district judge failed to consider her ability—or inability—to pay the fine. In addition, Mastropierro appeals her suspended six-month sentence on the ground that suspended sentences are no longer authorized by law. For the reasons set forth below, we vacate Mastropierro's suspended sentence as beyond the district court's authority but affirm both appellants' fines as not clearly erroneous.

■ First, we consider Mastropierro's appeal of her suspended sentence. Before enactment of the Comprehensive Crime Control Act of 1984 and promulgation of the sentencing guidelines thereunder, suspended sentences were expressly authorized by statute. *See* 18 U.S.C. § 3651 (repealed 1984). Neither current statutory law nor the sentencing guidelines, however, include suspended sentences among the expressly authorized sentencing alternatives. *See* 18 U.S.C. § 3551; U.S.S.G. Parts 5B–5F. In fact, the guidelines af-

firmatively state that the statutory authority to suspend sentences "was abolished upon implementation of the sentencing guidelines." U.S.S.G. Ch. 7, Pt. A, introduction 2(a). Accordingly, we conclude that suspended sentences are no longer permitted and vacate Mastropierro's six-month suspended sentence.[1]

■ Next we consider the appellants' challenge to the $5,000 fines. Each appellant asserts the district court erred in failing to consider or to make specific findings concerning her ability to pay the fine. We find no reversible error and affirm the fines.

■ The sentencing guidelines require that in deciding the amount of a fine a district court consider, inter alia, "any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources." U.S.S.G. § 5E1.2(d)(2). The guidelines set forth no requirement, however, that the sentencing court make express findings on this question and we decline to create one. So long as the sentencing judge in fact considers ability to pay, he is in compliance with the guidelines' mandates. Thus, when the record demonstrates that the judge considered that factor before imposing the fine, the appellate court will not reverse the fine merely because no express finding was made but will review the finding of ability to pay necessarily implied by such consideration. *Accord United States v. Doyan,* 909 F.2d 412, 414–15 (10th Cir. 1990) (where record suggests court gave "appropriate consideration" to defendant's financial circumstances, express finding is not necessary and fine should be upheld absent abuse of discretion);[2] *contra Unit-*

1. Because she has not appealed this aspect of her sentence we do not disturb appellant Frankel's suspended sentence. We note, however, that both appellants may be subject to incarceration for wilful failure to pay or make a bona fide effort to pay the fines. *See* 18 U.S.C. § 3614; U.S.S.G. § 5E1.2(h); *Bearden v. Georgia,* 461 U.S. 660, 672, 103 S.Ct. 2064, 2072–73, 76 L.Ed.2d 221 (1983).

2. *Cf. United States v. Weir,* 861 F.2d 542, 545 (9th Cir.1988) (no specific finding required un-

der pre-guidelines statute requiring judge to consider defendant's ability to pay fine); *United States v. Condon,* 816 F.2d 434, 436 (8th Cir. 1987) (no specific finding required regarding factors to be considered under pre-guidelines statute governing fines); *United States v. Atkinson,* 788 F.2d 900, 901 (2d Cir.1986) (no specific finding required under pre-guidelines statute requiring judge to consider defendant's financial circumstances).

*ed States v. Walker,* 900 F.2d 1201, 1206 (8th Cir.1990) (judge must make specific finding on record demonstrating that ability to pay was considered).[3] Further, the court will uphold that finding unless it is clearly erroneous. *United States v. Rowland,* 906 F.2d 621, 623 (11th Cir.1990); *cf. United States v. Burns,* 893 F.2d 1343, 1345–46 (D.C.Cir.1990) (guidelines departure will be reversed only if underlying factual finding is clearly erroneous), *cert. granted,* —— U.S. ——, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990).

■ The record here establishes that the sentencing judge considered the appellants' ability to pay in setting the amount of the fines. The presentence report, which the judge expressly "t[ook] into consideration," set forth in some detail information concerning each appellant's earning capacity and financial resources. Further, each appellant's lawyer brought his client's financial condition to the judge's attention at the sentencing hearing and the judge expressly told Mastropierro's counsel he was "not so sure" and "not satisfied" of her inability to pay the fine. These circumstances, taken together, are sufficient to show the judge considered each defendant's financial condition. *Cf. United States v. Doyan,* 909 F.2d 412, 414–15 (10th Cir.1990) (record suggests court appropriately considered ability to pay where defendant's financial limitations were raised in presentence report and at sentencing hearing); *United States v. Weir,* 861 F.2d 542, 545 (9th Cir.1988) (pre-guidelines fine not abuse of discretion "when the court had before it information bearing on all relevant factors, including facts necessary to consider imposition of a substantial fine, absent a record showing the court refused to consider the [statu-

tory] factors"), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989).

■ Nor was it clearly erroneous to find Frankel and Mastropierro able to pay their fines. Recognizing that the appellants are currently without substantial assets or gainful employment and therefore unable to pay the full fines immediately, we nevertheless conclude that the record supports the judge's implicit finding that they can obtain employment and pay the fines over time.[4] Each appellant is an apparently healthy young woman with a high school diploma and additional vocational education.[5] In addition, Frankel admits to skills "in the area of carpentry and electronics" and Mastropierro has experience working as a waitress. Further, the record suggests that Mastropierro may expect financial assistance from her family, which "is very supportive of her with regard to her current legal situation and is willing to help her in any way that they can," and either appellant might look for help to the Community for Creative NonViolence on whose behalf they committed the underlying offenses. While the fine undoubtedly constitutes a heavy burden for each appellant, that is to be expected given its punitive purpose. *See* U.S.S.G. §§ 5E1.2(e) ("[t]he amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive"), 5E1.2(d)(1) (requiring that in setting fine the judge consider "the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence").

---

3. *Cf. United States v. Harvey,* 885 F.2d 181 (4th Cir.1989) (specific finding required regarding factors to be considered under pre-guidelines statute governing fines); *United States v. Palma,* 760 F.2d 475, 480 (3d Cir.1985) (exercising court's "supervisory power" to require district judges to make specific finding regarding defendant's financial circumstances and other factors enumerated in pre-guidelines restitution statute).

4. That neither is currently gainfully employed appears to be the result of a personal decision by each to work as an unpaid volunteer for the Community for Creative NonViolence rather than of any inability to obtain employment.

5. The presentence reports show that Frankel studied electrical engineering at Worchester Polytechnic Institute from September 1977 to June 1980 and that Mastropierro attended the Parsons School of Design from September 1985 until May 1987.

Finding no clear error in the fines imposed, we affirm them and direct each appellant to consult with her probation officer to arrange a payment schedule.[6] In addition, for the reasons set forth above, we vacate Mastropierro's suspended six-month sentence. Finally, we order that the appellants' convictions and sentences be affirmed in all other respects.

*It is so ordered.*

---

**6.** The judgment order for each appellant contains the standard probation provision that payment of any fine imposed "shall be a condition of probation," and contains a space, left blank in both orders, for the judge to indicate whether the fine is to be paid immediately or upon specified conditions. In the absence, as here, of a notation that the fine is to be paid immediately, the fine is paid at the direction and under the supervision of the United States Probation Office during the defendant's period of probation.