UNITED STATES of America, Plaintiff,

v.

Edward James WILLIAMS and Dyron Levonza McClennon, Defendants.

Crim. A. No. 91–CR–188.

United States District Court,
D. Colorado.

Sept. 30, 1991.

---

cocaine base statute declared unconstitutional under the Due Process clause of the Fifth Amendment. Williams also seeks a ruling that the penalty provisions regarding cocaine base contained in (1) the Federal Sentencing Guidelines, § 2D1.1, and in (2) 21 U.S.C. § 841(b), are unconstitutional under the Fifth Amendment's "equal protection" guarantees recognized in *United States v. Doyan,* 909 F.2d 412, 415 n. 2 (10th Cir.1990). The United States has responded by opposing the defendants' motions.

The parties have briefed the issues and oral argument would not materially facilitate the decision process. Jurisdiction is founded on 28 U.S.C. § 1331.

### I. *Vagueness Challenge.*

Williams and McClennon contend that because the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("Act") contains no definition for the term "cocaine base," that term is impermissibly vague under the Fifth Amendment Due Process standards.

Essentially the same argument was rejected by the Tenth Circuit in *United States v. Turner,* 928 F.2d 956, 960 (10th Cir.1991). *See also United States v. Johnson,* 765 F.Supp. 658, 659 (D.Colo.1991). Although the *Turner* court did not adopt a precise definition of "cocaine base" it did determine that the defendant there had not established that the term encourages arbitrary and discriminatory enforcement or that it was vague as applied to the conviction and sentence under review. *Id.* at 960.

The majority of circuits have found that the term "cocaine base," without further definition, is not unconstitutionally vague. *United States v. Thomas,* 932 F.2d 1085 (5th Cir.1991); *United States v. Avant,* 907 F.2d 623 (6th Cir.1990); *United States v. Van Hawkins,* 899 F.2d 852 (9th Cir.1990); *United States v. Barnes,* 890 F.2d 545 (1st Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990); *United States v. Williams,* 876 F.2d 1521, 1525 (11th Cir.1989); *United States v. Brown,* 859 F.2d 974, 975–76 (D.C.App.1988) (per curiam).

Kathleen Tafoya, Guy Till, Asst. U.S. Attys., Jane T. Feldman, Asst. Colorado Atty. Gen., Denver, Colo., Henry Reeve, Sp. Asst. U.S. Atty., Denver, Colo., for U.S.

Robert Flynn, Denver, Colo., Robert M. Rose, Dallas, Tex., Eric Ruderman, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Defendants Edward Williams and Dyron McClennon have been indicted, *inter alia,* for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a) and (b). Both have moved to have the

Here, as in *Turner*, McClennon and Williams have failed to establish that the term "cocaine base" encourages arbitrary and discriminatory enforcement or that it is vague as applied to them.[1] Therefore, *Turner* is dispositive.

## II. *Equal Protection Claim.*

■■■ McClennon contends that the penalties for possession with intent to distribute cocaine base as compared to cocaine as mandated by 21 U.S.C. § 841(b) and the Federal Sentencing Guidelines, §§ 2D1.1, violate the equal protection guarantees of the Fifth Amendment.[2] Under the Act the same penalty is imposed for possessing with intent to distribute fifty grams of cocaine base as is imposed for possessing with intent to distribute five kilograms of cocaine. The Federal Sentencing Guidelines have adopted the same allegedly disproportionate sentencing scheme. McClennon mounts a two-pronged attack on the Act and the Sentencing Guidelines. First, he argues that there is no rational basis for distinguishing between those who possess cocaine base with intent to distribute as compared to cocaine. Second, he contends that the sentencing scheme discriminates unconstitutionally against the disadvantaged.

McClennon asserts that because the active chemical ingredient is the same in both cocaine base and other forms of cocaine, the Act and the Sentencing Guidelines distinguish between persons who are similarly situated, and thus violate the Fifth Amendment.

In *United States v. Doyan*, 909 F.2d 412, 416 (10th Cir.1990), the Tenth Circuit in addressing an equal protection challenge to a provision of the Sentencing Guidelines stated:

"A strong presumption of constitutionality attends a law which has been produced by the solemn prerequisites of Congressional enactment and presidential approval. (citations omitted). 'Where a federal statute neither abridges a fundamental right, nor imposes a 'suspect classification,' we apply a rational basis test to determine whether the statute has 'a rational relationship to a legitimate governmental interest.'" (citations omitted).

Several courts have held that Congress could rationally have concluded that distribution of cocaine base constitutes a greater menace to society than distribution of cocaine powder and thus warrants greater penalties. Cocaine base is less expensive, and, therefore, more accessible; it is more addictive than cocaine powder; it is specifically targeted toward youth; it is extremely potent; and it is increasing in prevalence.[3] *United States v. Thomas*, 900 F.2d 37, 39–40 (4th Cir.1990) (rejecting equal protection challenge to 21 U.S.C. § 841(b)); *United States v. Buckner*, 894 F.2d 975, 978 (8th Cir.1990) (upholding the sentencing guidelines for cocaine base); *see*

---

1. The defendants may show that the offending substance was cocaine and not cocaine base. *Turner*, 928 F.2d at 960 n. 1. McClennon has filed a report prepared by Dr. Dale C. Wingeleth which states that the substance he tested on August 8, 1991 was 49% cocaine (base). However, McClennon does not contend that what he allegedly possessed is inaccurately being classified as cocaine base, nor does he present sufficient evidence to support such a conclusion.

2. Although the Fifth Amendment contains no equal protection clause, if a classification would be invalid under the Equal Protection clause of the Fourteenth Amendment, it is also inconsistent with the Due Process requirement of the Fifth Amendment. *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *United States v. Doyan*, 909 F.2d 412, 415 n. 2 (10th Cir.1990).

McClennon claims that the Act and the Sentencing Guidelines violate the Equal Protection clause of the Fourteenth Amendment as well. However, the Fourteenth Amendment does not apply to federal legislation. *District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *United States v. Avant*, 907 F.2d 623, 627 (6th Cir.1990) (The sentencing ratio of one to one hundred for cocaine base in proportion to cocaine does not violate the Equal Protection clause since the Act is a federal statute.).

3. In fact, McClennon quotes statements by Congressmen describing the crack problem as a "plague" and a "pervasive evil that is eroding the very roots of our society." McClennon's brief in support of motion at 2.

*also United States v. Solomon,* 848 F.2d 156, 157 (11th Cir.1988).

Furthermore, although the Tenth Circuit opinion in *Turner* did not address equal protection, it did determine that there is a rational basis for treating cocaine powder differently from cocaine base. *Turner,* 928 F.2d at 960. It logically follows that there is a rational basis for treating those who possess cocaine powder with intent to distribute differently from those who possess cocaine base with intent to distribute.

I conclude that Congress, by imposing more severe penalties for crimes involving cocaine base than for those involving other forms of cocaine, did not act arbitrarily or irrationally, nor does application of that statutory distinction to those defendants deny them due process.

McClennon further argues that this sentencing scheme unconstitutionally discriminates against the poor because cocaine base is a drug of choice for the disadvantaged while cocaine in powdered form is more popular among the affluent.

As a general principle, where a statute is neutral on its face, there is no federal equal protection violation if only a discriminatory effect can be shown. As stated by the Supreme Court in *McCleskey v. Kemp:*

> "[A] defendant who alleges an equal protection violation has the burden of proving 'the existence of purposeful discrimination.' (citation omitted). A corollary to this principle is that a criminal defendant must prove that the purposeful discrimination 'had a discriminatory effect' on him." (citation omitted). 481 U.S. 279, 282, 107 S.Ct. 1756, 1762, 95 L.Ed.2d 262 (1987).

McClennon offers no evidence, and I can find none, that either 21 U.S.C. § 841(b) or the Federal Sentencing Guidelines, § 2D1.1 was enacted to purposefully discriminate against the disadvantaged or that any purposeful discrimination had a discriminatory effect on him. Consequently, he has failed to meet his burden.

Accordingly, IT IS ORDERED that:

(1) Defendant Williams' motion to declare 21 U.S.C. § 841(a) and (b) unconstitutional is denied; and

(2) Defendant McClennon's motion to declare 21 U.S.C. § 841(a) and (b) and the Federal Sentencing Guidelines, § 2D1.1 unconstitutional is denied.