963 F.2d 383
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Anthony GALLEGOS, Defendant-Appellant.
 No. 91-2107.
 United States Court of Appeals, Tenth Circuit.
 May 13, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Paul Anthony Gallegos entered a plea of guilty to violating 18 U.S.C. § 1952(a)(3), based on traveling in interstate commerce to facilitate the possession of 165.9 kilograms of marijuana with the intent to distribute. Defendant was sentenced to fifty-one months' imprisonment, based on United States Sentencing Guidelines section 2E1.2, and three years' supervised release. He appeals the sentence, arguing that the district court incorrectly applied the sentencing guidelines. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm the sentence.
 
 
 3
 In reviewing the district court's application of the sentencing guidelines, we accord due deference to the district court's application of the guidelines to the facts of a particular case; questions of law are reviewed de novo. United States v. Villarreal, No. 91-2102, slip op. at 2, 1992 WL 52607, at * 1 (10th Cir. March 23, 1992).
 
 
 4
 The parties agree that the applicable sentencing guideline is section 2E1.2:
 
 
 5
 Interstate or Foreign Travel or Transportation in Aid of a Racketeering Enterprise
 
 
 6
 (a) Base Offense Level (Apply the greater):
 
 
 7
 (1) 6; or
 
 
 8
 (2) the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken.
 
 
 9
 The offense level applicable to the underlying unlawful activity is found in section 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses). Pursuant to section 2D1.1(a)(3) and (c)(9), the base offense level is 26 for the controlled substance and quantity in this case, at least 100 kilograms but less than 400 kilograms of marijuana.[1]
 
 
 10
 Defendant asserts that the district court should have applied section 2E1.2(a)(1), resulting in a base offense level of 6, rather than section 2E1.2(a)(2), resulting in a base offense level of 26. According to defendant, subsection (a)(2) applies only if the plea agreement contains "a stipulation that specifically establishes a more serious offense than the offense of conviction," Appellant's Br. at 11 (quoting section 1B1.2(a)). Defendant argues that because he did not specifically stipulate to a more serious offense than that of conviction, section 2E1.2(a)(1), rather than section 2E1.2(a)(2), applies to him.
 
 Section 1B1.2(a) provides:
 Applicable Guidelines
 
 11
 (a) Determine the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted). Provided, however, in the case of conviction by a plea of guilty or nolo contendere containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense.
 
 
 12
 We apply the plain and ordinary meaning of the statute unless legislative intent is to the contrary. United States v. Eves, 932 F.2d 856, 860 (10th Cir.), cert. denied, 112 S.Ct. 236 (1991). The plain meaning rule also applies to the sentencing guidelines. See, e.g., United States v. Doyan, 909 F.2d 412, 415 (10th Cir.1990) (court notes plain meaning of relevant sentencing guidelines provisions).
 
 
 13
 The plain language of section 1B1.2(a) does not apply here. Defendant's sentence was based on the conduct for which he was charged and convicted, not on other conduct. See United States v. Uca, 867 F.2d 783, 787 (3d Cir.1989) (discussing sentencing guidelines model). The stipulated facts do not establish a more serious offense than the offense of conviction. Therefore, section 1B1.2(a) does not provide a basis for reversing defendant's sentence.
 
 
 14
 Defendant raised for the first time on appeal the issue of the applicability of section 1B1.2(a). Therefore, if the district court had erred in sentencing defendant, we would have been required to examine whether the error was plain error. But since no error occurred, there is no plain-error issue to decide. United States v. Garcia, 893 F.2d 250, 256 n. 7 (10th Cir.1989), cert. denied, 494 U.S. 1070 (1990).
 
 
 15
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant's sentence was ultimately based on an offense level of 24, after the base offense level of 26 was reduced two levels because defendant accepted responsibility for his criminal conduct. See section 3E1.1(a)