38 F.3d 1221
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Charles FLETCHER, Defendant-Appellant.
 No. 93-3296.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John Charles Fletcher appeals his sentence for drug trafficking and firearm's possession contending that the district court abused its discretion and violated the United States Sentencing Commission, Guidelines Manual, 5E1.2, by imposing a $5000 fine when he had no assets or ability to pay. As a source of payment, the district court heavily relied on Mr. Fletcher's potential ability to earn money from participation in the prison industries program during his 120 month incarceration. We affirm.
 
 BACKGROUND
 
 3
 Mr. Fletcher pled guilty to the charges of conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. 846, and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1) and (2). The district court sentenced him to 120 months of imprisonment, five years of supervised release, a fine of $5000, and a mandatory special assessment of $100. The fine range for Mr. Fletcher's offense, under USSG 5E1.2(c), is $10,000 to $2,000,000. Thus, the district court's imposition of a $5000 fine was a departure downward. The district court considered the following facts from the presentence report (PSR) when it determined what fine to impose. Fletcher is a twenty-three-year-old high school graduate. He does not have a continuous employment record, but has been employed in a number of part-time entry-level positions. He considers himself a mechanic, and has worked with his father in that capacity for many years. He has no assets or liabilities, no established source of income, and his only probable near term financial resource would be an income through the federal prison industries program.[2] The court stated: "[E]ven though the defendant's financial resources are limited, he will have ample opportunity during his sentences of confinement to relieve the $5,000 fine in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program." R. Vol. IV at 8. Presumably, the court, by its reference to Mr. Fletcher's existing work skills and prior employment, also took into account his ability to earn money during the five-year period of supervised release following incarceration; but there is no express reference to that fact in the PSR or sentencing hearing.
 
 
 4
 Fletcher did not object to the fine at or before the time of sentencing. See id. at 11. We normally review a district court's sentencing decision to impose a fine under an abuse of discretion standard. United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir.), cert. denied, 114 S.Ct. 2762 (1994); United States v. Doyan, 909 F.2d 412, 414 (10th Cir.1990). However, Fletcher's failure to object to the fine at or before sentencing requires us to accept the district court's decision unless it is plain error. Ballard, 16 F.3d at 1114; United States v. Lowder, 5 F.3d 467, 472 (10th Cir.1993). "Under the plain error standard, we will not review the district court's factual findings relating to sentencing, but will review for particularly egregious' or obvious and substantial' legal error, which our failure to consider would result in a miscarriage of justice.' " United States v. Brewer, 983 F.2d 181, 183 (10th Cir.), cert. denied, 113 S.Ct. 2348 (1993).
 
 DISCUSSION
 
 5
 Fletcher contends that the district court violated USSG 5E1.2 by imposing a $5000 fine when he has no assets, and the district court relied principally on funds that he might earn through the inmate financial responsibility program. We disagree.
 
 
 6
 The United States Sentencing Guidelines provide: "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." USSG 5E1.2(a). In determining the amount of a fine, "the Guidelines require the court to consider any evidence presented as to the defendant's ability to pay the fine (including the ability to pay the fine over time) in light of his earning capacity and financial resources." United States v. Sneed, No. 93-1058, 1994 WL 498650, at * 14 (10th Cir. Sept. 13, 1994) (citing USSG 5E4.2(d)(2) (1988)).
 
 
 7
 We agree with the courts that have concluded it is not a per se violation of the guidelines to impose a fine on a defendant who is unable to pay at the time of sentencing, where the primary source of future payment consists of potential income from employment while in prison and during supervised release. See, e.g., id. (upholding $15,000 fine, despite PSR recommendation that no fine be imposed based on inability to pay, because lower court concluded defendant had capacity to pay during supervised release); United States v. Gomez, 24 F.3d 924, 927 (7th Cir.) (upholding imposition of $3000 fine to be paid from prison earnings where defendants were "penniless" at time of sentencing), cert. denied, No. 94-5629, 1994 WL 450125 (Oct. 3, 1994); United States v. Taylor, 984 F.2d 618, 621-22 (4th Cir.1993) (upholding order to pay $2000 fine through prison program during sixty-three months of incarceration and three years of supervised release); United States v. Mastropierro, 931 F.2d 905, 907 (D.C.Cir.1991) (upholding imposition of $5000 fine despite claim of inability to pay where sentencing court implicitly found defendant could obtain employment and pay over time); see also United States v. Doyan, 909 F.2d 412, 414-15 (10th Cir.1990) (stating that court must consider defendant's financial resources, but "Guidelines impose no obligation to tailor the fine to the defendant's ability to pay"; it is not an abuse of discretion to impose fine "that is likely to constitute a significant financial burden"); United States v. Favorito, 5 F.3d 1338, 1339-40 (9th Cir.1993) (finding trial court may impose fine upon indigent defendant if it determines that the defendant has sufficient earning capacity to pay following release), cert. denied, 114 S.Ct. 1374 (1994); United States v. Hagmann, 950 F.2d 175, 185-86 (5th Cir.1991) (stating indigency at time of sentencing does not preclude imposition of fine), cert. denied, 113 S.Ct. 108 (1992). Of course while the amount of a fine is normally subject to review under an abuse of discretion standard, as indicated above, the plain error standard governs our review. In this case the amount of the fine and prospective source of payment certainly does not rise to the level of plain error nor would it have been an abuse of the court's discretion.
 
 
 8
 Mr. Fletcher also contends the fine violates USSG 5E1.2(g) which states:
 
 
 9
 If the defendant establishes that payment of the fine in a lump sum would have an unduly severe impact on him or his dependents, the court should establish an installment schedule for payment of the fine. The length of the installment schedule generally should not exceed twelve months, and shall not exceed the maximum term of probation authorized for the offense.
 
 
 10
 USSG 5E1.2(g). We also reject this contention. Subsection (g) of the guidelines stands for the unremarkable proposition that the installment method of payment may be available but that the parameters of formal punishment, whether by incarceration, supervised release, or parole, are established by the guidelines, and the duration of such punishment may not be extended by the imposition of a formal installment payment schedule.
 
 
 11
 In this case, however, the fine was not imposed under an "installment schedule." The court merely ordered Mr. Fletcher to pay the fine "in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program." R. Vol. IV at 8. Thus, USSG 5E1.2(g) is not implicated because the district court did not impose an installment schedule that extended beyond the period of formal punishment. There is a distinction between an installment schedule and the expectation that the fine cannot be paid in a lump sum but can be paid in varying amounts over time whether during incarceration, supervised release, or parole. Furthermore, as indicated, Mr. Fletcher did not object, much less establish the predicate "unduly severe impact."
 
 
 12
 For the reasons stated, the sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The PSR also revealed pending state charges against Fletcher. Fletcher claimed that the possibility of such additional incarceration further decreased his ability to pay. This point, however, was not developed in the record or briefs