**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glenda R. WASHINGTON–WILLIAMS,
Defendant–Appellant.**

**No. 90–6279.**

United States Court of Appeals,
Tenth Circuit.

Sept. 6, 1991.

Jenine M. Jensen, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the brief), Denver, Colo., for defendant-appellant.

Ted Richardson, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., M. Jay Farber, Asst. U.S. Atty., with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and LOGAN and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant-appellant Glenda R. Washington–Williams pled guilty to use of a communication facility in connection with an unlawful drug transaction, 21 U.S.C.

§ 843(b), and criminal forfeiture, 21 U.S.C. § 853. She was sentenced to twelve months imprisonment and a $21,146.64 fine. She appeals contending that the district court imposed a fine in excess of the maximum guideline range, applied the wrong guideline range and failed to evaluate the necessary factors in determining the amount of the fine. Our jurisdiction to review the fine arises under 18 U.S.C. § 3742(a)(1)–(3). We vacate the fine and remand the case for reconsideration of imposition of a fine.

■■■ Our review of the district court's choice of the guideline fine range is *de novo;* choice of the wrong guideline range is an incorrect application of the Sentencing Guidelines. *United States v. Smith,* 919 F.2d 123, 124 (10th Cir.1990); *United States v. Roberts,* 898 F.2d 1465, 1469 (10th Cir.1990). We review the imposition of a guideline fine for an abuse of discretion. *United States v. Doyan,* 909 F.2d 412, 414 (10th Cir.1990). Findings of fact pertaining to a defendant's ability to pay a fine are reviewed under the clearly erroneous standard. *United States v. Matovsky,* 935 F.2d 719, 722–23 (5th Cir.1991).

Here, the initial presentence report indicated a base offense level of twelve, with no downward adjustment for acceptance of responsibility, and a criminal history category of I. Thus, the guideline imprisonment range based upon the recommendation of the probation officer was ten to sixteen months with a guideline fine range of $3,000 to $30,000. *See* U.S.S.G. ch. 5, pt. A (imprisonment table) & § 5E1.2(c)(3) (fine table). The probation officer determined that defendant had the ability to pay a small fine after analyzing defendant's financial status.

According to the presentence report, defendant had a net salary of $824 per month. She also received child support for her three minor children in the amount of $500 per month. Her assets included an automobile with an estimated value of $2,500 and furniture and household goods of $5,000. The district court's attention

was drawn primarily to another asset, a rental property valued at $57,000 with a first mortgage of $23,000. Defendant had an estimated equity position in the property of $34,000. She sought to cash out $10,000 equity in the property to pay her attorney, but was unsuccessful in obtaining a second mortgage. In order to pay the attorney, defendant entered into a sales contract transferring the property to a third party for approximately $33,000. III R. 8–9. Thus, she raised the $10,000 needed to pay her attorney, but extinguished any equity she had. III R. 9.

In response to objections to the presentence report by the defendant, the district court determined that she was entitled to a two-point downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Accordingly, defendant's adjusted offense level became ten, with a guideline range of six to twelve months with a potential fine of $2,000 to $20,000. *See* U.S.S.G. ch. 5, pt. A (imprisonment table) & § 5E1.2(c)(3) (fine table). The statutory maximum fine is $30,000. 21 U.S.C. § 843(c). At the sentencing hearing, the district court imposed sentence within the correct guideline range for imprisonment, but appears to have relied on a $3,000–$30,000 fine range (rather than the appropriate $2,000–$20,000 fine range) in ordering a fine of $21,146.64. The district court stated that the fine consisted of three components: "an ordinary fine of $3,000, which is at *the minimum end* of the guideline scale; a fine for repayment to the Government of confinement costs in the amount of $16,968.72; and a fine for payment of the costs of administering probation in the amount of $1,159.92." III R. 34 (emphasis supplied). The judgment also mistakenly recites that the fine range is $3,000–$30,000, rather than $2,000–$20,000. I R. doc. 48 at 6. We recognize that a court may exceed the guideline fine range (to the statutory maximum, here $30,000) in imposing an additional fine to cover the costs of confinement and probation.[1] *See* U.S.S.G. § 5E1.2(i). But this fact does not remove

---

1. We also note that the district court may depart upward, but nothing in the record indicates that the district court intended to so depart concerning the fine. *See* 18 U.S.C. §§ 3553(b) & (c)(2).

the ambiguity in the district court's discussion concerning the lower end of the guideline fine range and the incorrect fine range identified in the judgment.

■ Another problem with the fine imposed concerns defendant's ability to pay. Defendant objected to the fine on the grounds that she lacked the ability to pay it. *See* U.S.S.G. §§ 5E1.2(a), (d)(2), (f) & (g). Although the presentence report initially indicated that defendant would retain some equity in her rental property after obtaining a second mortgage, the district court accepted the defendant's representation that she entered a contract for the sale of the property and would clear only $10,-000 used to pay her attorney. III R. 9. Thus, defendant had no equity in the rental property. Notwithstanding, the district court then relied upon the vanished equity in imposing a fine:

> With respect to the matter of a fine, the Presentence Report, which is not in serious factual dispute, recites that the Defendant has substantial equity in property and has a net worth level that would permit her paying a fine that would be appropriate in this case. Now, she has elected to make certain dispositions of her property so that she can cover perfectly legitimate obligations, the payment of her attorney fee in this case. But that is her election, and that is her own determination of her priorities. And my conclusion is that she cannot render herself to a point where she's not amenable to a fine simply by stripping herself of property in order to discharge other obligations based upon her own idiosyncratic determination of her priorities.

III R. 31–32. Thus, the district court imposed a fine because it viewed defendant's disposition of the rental property as improvident and not in accord with some unspecified set of priorities.

The difficulty with the district court's finding is that no evidence in the record supports the notion that defendant was "stripping herself of property" to avoid paying a fine. To the contrary, the record indicates that defendant first attempted to obtain a second mortgage to retain her equity in the property, but given her borrower characteristics and the depressed real estate market, she was unable to do so. III R. 9. Only when she was unable to obtain a second mortgage did she relinquish her ownership interest so that she could pay her attorney. *Id.* at 8. Although fines are to be punitive, U.S.S.G. § 5E1.2(e), we think that defendant should be punished with respect to the offense of conviction, rather than upon her financial decision to satisfy "perfectly legitimate obligations," III R. 32, in a priority not endorsed by the district court. Defendant met her burden of showing that the rental house should not be included in any ability to pay calculation. *See United States v. Labat,* 915 F.2d 603, 606 (10th Cir.1990). No evidence suggests that defendant concealed assets, therefore taking this case beyond the rules contained in § 5E1.2. *See* U.S.S.G. § 5E1.2, comment. (n. 6) (failure to disclose assets may justify larger fine); *United States v. Rowland,* 906 F.2d 621, 624 (11th Cir.1990); *United States v. Walker,* 900 F.2d 1201, 1207 (8th Cir.1990); *United States v. Hays,* 899 F.2d 515, 518 (6th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 385, 112 L.Ed.2d 396 (1990).

■ Defendant also suggests that the district court must make specific findings concerning the factors which should be considered when imposing a fine. *See* U.S.S.G. §§ 5E1.2(d)(1)–(7) (amount of fine), (f) (waiver of or lesser fine), (g) (installment fine). She contends that the district court failed to consider (1) her single parent status, (2) her lack of any previous fines and (3) her debt incurred from legal representation. While it is true that the district court must consider various factors including the ability to pay and the effect of a fine on dependents, it is equally true that the burden is on the defendant to present evidence concerning these factors to the extent they are not adequately or accurately addressed in the presentence report. U.S.S.G. § 5E1.2(f); *Matovsky,* 935 F.2d at 722; *United States v. Bradley,* 922 F.2d 1290, 1298 (6th Cir.1991).

Here, the only evidence beyond the presentence report concerned defendant's abil-

ity to pay. The guidelines do not contain a requirement of an express finding on each factor, *id.,* and we have construed a similar statute as not requiring such express findings, *United States v. Wright,* 930 F.2d 808, 810 (10th Cir.1991) (construing former 18 U.S.C. § 3622). We hold that express findings are not required; satisfactory compliance with § 5E1.2 merely requires that the record reflect the district court's consideration of the pertinent factors prior to imposing the fine. *See* 18 U.S.C. § 3553(c) (when reasons for sentence required); *United States v. Marquez,* 941 F.2d 60, 64 (2d Cir.1991); *Matovsky,* 935 F.2d at 722 (5th Cir.); *United States v. Mastropierro,* 931 F.2d 905, 906 (D.C.Cir. 1991). *See also Doyan,* 909 F.2d at 414–15. *Contra United States v. Masters,* 924 F.2d 1362, 1369 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2019, 114 L.Ed.2d 105 (1991); *Walker,* 900 F.2d at 1206 (8th Cir.); *United States v. Seminole,* 882 F.2d 441, 443 (9th Cir.1989). Applying this test, we note that the presentence report adequately disclosed defendant's status as a single parent with three minor children and her lack of prior criminal fines. And at the sentencing hearing, the district court addressed the ability to pay issue in the context of the rental property. We have reviewed the district court's implicit finding of ability to pay based upon the rental house and must conclude that the finding is clearly erroneous. To the extent that the fine rests upon a clearly erroneous material fact, the fine would constitute an abuse of discretion.

Because the district court apparently relied on the wrong guideline fine range and because we cannot determine whether the imposition of the entire fine was based on the district court's erroneous determination concerning ability to pay vis-a-vis the rental property, we VACATE the fine and REMAND the case for reconsideration of imposition of a fine in accordance with this opinion.