976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael Ricardo PENA, Defendant-Appellant.
 No. 92-7019.
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant Rafael Ricardo Pena entered guilty pleas to two counts of violating 18 U.S.C. § 1952(a)(3) & 2 based on his involvement in a conspiracy to distribute cocaine. This appeal is from an order of the district court sentencing Pena to the statutory minimum sentence of sixty months incarceration on Count One and thirty-seven months on Count Two; three years supervised release on Count One and one year on Count Two; and imposing a fifteen thousand dollar fine and a special assessment of fifty dollars for each count. Pena appeals his sentence, arguing that the district court erred in deciding not to depart downward from the guidelines and in imposing a fine. We dismiss the first claim for lack of jurisdiction under 18 U.S.C. § 3742(a). We exercise jurisdiction over the second claim under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Pena requested a downward departure from the sentencing guidelines based on the fact that a coconspirator who cooperated with the government received a downward departure when he was sentenced in Tennessee. Pena contends that the disparity between these two sentences violates the uniformity and proportionality policies of the guidelines, and constitutes the type of aggravating or mitigating circumstances that allow the district court to depart from the guidelines under 18 U.S.C. § 3553(b).
 
 
 4
 This court does not have appellate jurisdiction to review the district court's discretionary refusal to depart downward. United States v. Soto, 918 F.2d 882 (10th Cir.1990). It is clear that the district judge was aware that, in appropriate cases, he had the discretion to depart downward. He explicitly declined to exercise that discretion, and we do not have jurisdiction to review that decision.
 
 
 5
 Pena also contends that the district court erred in imposing a fine, claiming an inability to pay. We review findings of fact pertaining to a defendant's ability to pay a fine under the clearly erroneous standard. United States v. Washington-Williams, 945 F.2d 325, 326 (10th Cir.1991). The record shows that the district court considered the presentence report's assessment of the defendant's ability to pay before imposing the minimum fine consistent with the guidelines. Given the record, the district court's finding was not clearly erroneous.
 
 
 6
 Accordingly, we DISMISS Pena's appeal based on 18 U.S.C. § 3553(b) for lack of jurisdiction, and AFFIRM the order of the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3