## UNITED STATES of America, Plaintiff–Appellee,

v.

## Benjamin AVALOS–ZARATE, Defendant–Appellant.

### No. 92–2112.

United States Court of Appeals, Tenth Circuit.

Feb. 17, 1993.

Submitted on the Briefs.*

Richard C. Cauble, Las Cruces, NM, for defendant-appellant.

Don J. Svet, U.S. Atty., Stephen R. Kotz, Asst. U.S. Atty., Albuquerque, NM, for plaintiff-appellee.

Before TACHA, BALDOCK and KELLY, Circuit Judges.

PAUL J. KELLY, Circuit Judge.

Mr. Avalos–Zarate pled guilty to possession with intent to distribute less than 50 kilograms of marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D), 18 U.S.C. § 2, and was sentenced, based on an offense level of 18 and a criminal history category of III, to 41 months imprisonment. Under the Sentencing Guidelines, the proper guideline range was 33–41 months. See U.S.S.G. ch. 5, pt. A (Sentencing Table). Defense counsel

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

filed an *Anders* brief. *Anders v. California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 1400–01, 18 L.Ed.2d 493 (1967). The government urges us to dismiss the appeal for lack of jurisdiction, correctly pointing out that a sentence imposed within the correct guideline range is not appealable under 18 U.S.C. § 3742. *See United States v. Garcia,* 919 F.2d 1478, 1481–82 (10th Cir.1990).

The transcript indicates that in imposing sentence the district judge declared: "The offense level is 18, criminal history category of 3, establishing a sentencing range of 33 to 46 months." III R. 9. The judge then sentenced the defendant to 41 months. As noted, the correct guideline range is 33–41 months, not 33–46 months. Although the presentence report and the written judgment recite the correct guideline range, the trial transcript does not and, therefore, conflicts with the written judgment insofar as the appropriate sentencing range perceived by the district court.

In a somewhat analogous situation, we have held that "an orally pronounced sentence controls over a judgment and commitment order when the two conflict." *United States v. Villano,* 816 F.2d 1448, 1450 (10th Cir.1987). *See also United States v. Sasser,* 974 F.2d 1544, 1562 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1063, 122 L.Ed.2d 368 (1993); *United States v. Staggs,* 881 F.2d 1546, 1548 (10th Cir.1989), *cert. denied,* 493 U.S. 1020, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990). We also have recognized that "basing a sentence on the wrong guideline range constitutes a fundamental error affecting substantial rights within the meaning of Rule 52(b)," Fed. R.Crim.P. *United States v. Herndon,* 982 F.2d 1411, 1419 (10th Cir.1992). When a district court relies on an incorrect guideline fine range, we have vacated the fine and remanded for resentencing, notwithstanding that the fine imposed was within the correct guideline. *See United States v. Hollis,* 971 F.2d 1441, 1460–61 (10th Cir. 1992), *pet. for cert. filed,* 61 U.S.L.W. 3500 (Dec. 30, 1992) (No. 92–1131); *United States v. Washington–Williams,* 945 F.2d 325, 326–28 (10th Cir.1991). This situation is no different; we cannot be certain that the 41 months selected by the district court was in reference to the correct range of 33–41 months or the incorrect range of 33–46 months.

Accordingly, the matter is REMANDED to the district court to VACATE the sentence and resentence in accordance with this opinion.

The mandate shall issue forthwith.