UNITED STATES COURT OF APPEALS

**Filed 2/27/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

MONA L. PEOPLES,

    Defendant - Appellant.

No. 95-3150

(D.C. No. 94-CR-20085)

(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, McKAY and KELLY Circuit Judges.

---

The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.2. After examining the Appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Pursuant to a written plea agreement, Defendant Mona Lisa Peoples pled guilty to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

theft of bank funds, in violation of 18 U.S.C. § 2113(b). Ms. Peoples had been a teller at Security Bank of Kansas City, Kansas. She was sentenced to probation for three years, to pay a special assessment of $50, to pay restitution in the amount of $4,653, and to pay a fine in the amount of $1,000 with no interest accruing on the fine. Defendant directly appeals her sentence, claiming the district court erred in imposing the $1,000 fine.

Sentencing Guideline § 5E1.2(a) provides that a fine shall be imposed in all cases except where the defendant establishes that he is unable to pay a fine or is not likely to ever become able to pay a fine. Ms. Peoples had a base offense level of 5 with a guideline range for fines of $250 to $5,000. We review the imposition of a fine under the Sentencing Guidelines for an abuse of discretion. United States v. Washington-Williams, 945 F.2d 325, 326 (10th Cir. 1991).

Ms. Peoples is the single mother of two young children, and she receives $489 per month in child support. She has an associate's degree from college. She was convicted in 1993 of simple assault from a domestic dispute with a former boyfriend. She earned $5.75 an hour as a bank teller, and she currently earns $5.00 an hour in a clothing store with a gross monthly income of $640. She has fixed monthly expenses of $653. Also, she owes $700 to two hospitals, and she has no assets. Ms. Peoples stated that she acted alone in the embezzlement scheme and took the money to pay personal debts.

2

In imposing the fine the district court stated:

> The guidelines call for one to five years, but considering the
> amount of restitution and the fine that I intend to impose, I
> think a three year period of probation is appropriate. I intend
> to impose a fine of $1,000 here because I don't think the
> offense should go unpunished. Restitution in the amount of
> $4,653 will be required and a special assessment of $50 is
> imposed.

R., vol 3, at 6-7 (sentencing hearing transcript). Defendant's counsel objected to the fine at sentencing. Id.

Defendant asserts that the facts do not support a finding that she has the ability to pay a $1,000 fine in addition to paying restitution of $4,653 without impairing her ability to make restitution. Defendant's presentence report stated:

> The defendant has no assets at the present time. Her only liabilities include
> approximately $700.00 owed to two hospitals. Mona Peoples has court-
> appointed counsel, no net worth, and a very small positive monthly cash
> flow. Based on her overall financial profile, she does not have the ability to
> pay a fine in addition to restitution she will be ordered to pay Security Bank
> of Kansas City, Kansas.

R., vol. 4, at ¶47.

A district court does not have to make express findings regarding a defendant's financial condition in imposing a fine. See United States v. Rogat, 924 F.2d 983, 986 (10th Cir.), cert. denied, 499 U.S. 982 (1991). In assessing the fine, the district court considered Defendant's presentencing report which stated, "Based on her overall

3

financial profile, she does not have the ability to pay a fine in addition to restitution she will be ordered to pay Security Bank of Kansas City, Kansas." R., vol. 4 (presentencing report, at ¶ 47). The court did not make any findings regarding Defendant's financial condition, and it summarily denied Defendant's objection to the fine because of her inability to pay the fine.

We find the district court abused its discretion by imposing the $1,000 fine against Ms. Peoples because she established that she is unable to pay a fine. In United States v. Meuli, 8 F.3d 1481, 1487 (10th Cir. 1993), cert. denied, 114 S. Ct. 1403 (1994), we held that the district court had not abused its discretion in fining a defendant $1,000 because he lacked significant financial debt, he held a Master of Science in Education, he had demonstrated an ability to maintain gainful employment, and the fine was at the lowest range of the applicable Guideline. In this case, Ms. Peoples has a significant financial debt: she owes $700 to two hospitals and she must pay restitution of $4,653. Given her education, criminal record, and parenting responsibilities[1]--she has limited earning potential for the future even though she has demonstrated an ability to maintain gainful employment. The Sentencing Guidelines recommended a fine in the range of $250 to

---

[1] In United States v. Pattan, 931 F.2d 1035, 1044 (5th Cir. 1991), cert. denied, 504 U.S. 958 (1992), the court vacated a defendant's fine because it interfered with his duty to support his family.

$5,000; the $1,000 fine was not at the bottom end of the range. Thus, we find that the district court abused its discretion in assessing a $1,000 fine in this case.

While raising two young children by herself, Defendant is working and paying restitution for the money she stole. Defendant is not on welfare, but it is obvious from her income and fixed monthly expenses that she does not have enough positive cash flow to pay a fine in addition to the restitution. Finally, Defendant stole the money to pay off personal debts; it does not make sense to punish her by sinking her deeper into her financial hole.

We REVERSE and VACATE the fine imposed against Defendant, and REMAND for resentencing. Judge Kelly dissents and would affirm.

Entered for the Court

Monroe G. McKay
Circuit Judge