# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4166

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal From the United States
    v.                       *    District Court for the
                             *    Northern District of Iowa.
Ronald Dean Meyer,           *
                             *
            Appellant.       *

_____

Submitted: September 21, 2005
    Filed:   October 31, 2005

_____

Before MURPHY, HEANEY, and MELLOY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Ronald Dean Meyer pled guilty in district court to one count of possession of child pornography. He was sentenced to 33 months of imprisonment, to be followed by six years of supervised release, and a $7,500 fine. He appeals his sentence and fine, arguing the district court erred by imposing them based on its mistaken belief that the guidelines were mandatory. We agree that the district court erred in treating the guidelines as mandatory, but the error was largely rendered harmless by the court's imposition of an alternative, discretionary sentence of 33 months. Because the court did not impose an identical alternative sentence with respect to the fine, however, that portion of the sentence must be remanded for resentencing.

# BACKGROUND

Following a sting operation, Meyer was indicted on child pornography-related charges. Pursuant to a plea agreement, he pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). After Meyer pled guilty but prior to his sentencing proceeding, the Supreme Court issued its opinion in Blakely v. Washington, 542 U.S. 296 (2004). Meyer subsequently objected to the district court's imposition of any guidelines enhancements not admitted or proven to a jury. By the time of Meyer's sentencing, the Supreme Court had granted certiorari in United States v. Booker, 125 S. Ct. 738 (2005), but had not yet rendered a decision. Presumably due to the uncertainty surrounding the constitutionality of the guidelines, the district court issued alternative sentences. Under the mandatory guidelines, the district court found that Meyer had a sentencing range of 33-41 months, and a guidelines fine range of $7,500 to $75,000. It imposed a 33-month sentence and a $7,500 fine. The district court then pronounced its alternative sentence as follows:

> If hereafter the United States sentencing guidelines are found to be unconstitutional as a whole or in relation to the Court's application of the sentencing guidelines in this case, the Court, without further hearing or order and in its discretion, hereby imposes a sentence of 33 months' imprisonment . . . after considering all the factors set out in 18 United States Code Section 3553(a), (1) through (7).

(Sentencing Tr. at 45.) The district court's written judgment used essentially the same language with respect to the alternative sentence, but stated that it would impose the same 33-month sentence "with all other sentence findings remaining unchanged." (J. at 2.) This appeal followed.

## ANALYSIS

Meyer correctly asserts that the district court committed <u>Booker</u> error by imposing a sentence based on its belief that the guidelines were mandatory. <u>United States v. Pirani</u>, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). We must determine whether the error is harmless. Since the error involved enhancements to Meyer's sentencing range based on facts not admitted nor proven to a jury, it is an error of "constitutional magnitude," such that the government bears the burden of proving that the error is harmless beyond a reasonable doubt. <u>United States v. Mendoza-Mesa</u>, 421 F.3d 671, 673 (8th Cir. 2005). The government can meet its harmless error burden where the sentencing court states "that an alternate sentence based on the court's discretion would be identical to the sentence actually imposed." <u>United States v. Engler</u>, 422 F.3d 692, 696 (8th Cir. 2005).

The district court's imposition of an identical 33-month discretionary sentence renders any <u>Booker</u> error related to the incarceration portion of its sentence harmless. The same cannot be said for the portion of the sentence relating to the fine. The district court arrived at the fine amount based on the guidelines, which mandated a fine ranging from $7,500 to $75,000 for Meyer. USSG § 5E1.2(a) (requiring a fine unless the defendant establishes he is unable to pay); §5E1.2(c)(3) (setting fine ranges based on the defendant's offense level). Just as it is error to impose a prison term based on the mistaken view that the guidelines mandate it, it is also a <u>Booker</u> error to impose a fine on the same basis. <u>Cf.</u> <u>United States v. Huber</u>, 404 F.3d 1047, 1063 (8th Cir. 2005) (recognizing that, in the wake of <u>Booker</u>, district courts may deviate from the guidelines range in imposing a fine); <u>accord</u> <u>Crooker v. United States</u>, 325 F.2d 318, 321 (8th Cir. 1963) (defining a fine as "a matter of punishment").

The government argues the <u>Booker</u> error in using the guidelines to impose a $7,500 fine is cured by the alternative sentence. Based on the record before us and the government's burden of proving the error is harmless beyond a reasonable doubt, we

cannot agree. The district court's oral pronouncement of judgment contains no reference whatsoever to the fine as a part of the alternative sentence. The court's written judgment merely states that the alternative sentence is "a sentence of 33 months imprisonment with all other sentencing findings remaining unchanged." (J. at 2.) It requires too much speculation for this court to find that "sentencing findings" referred to the imposition of a fine. Indeed, it is far more likely that the court's reference to "sentencing findings" referred to factual determinations made by the district court in support of its sentence. See Fed. R. Crim. P. 32(i)(3) (stating that it is the sentencing court's responsibility to rule on disputed matters contained in the presentence report, but that the court may accept any undisputed matter "as a finding of fact" (emphasis added)). Courts do not "find" the sentence; they impose it. Moreover, the court specifically repeated the other portion of the sentence (33 months), suggesting that the court itself was not treating the punishment as part of her "findings." In short, we are not satisfied that the alternative sentence rendered the district court's Booker error harmless beyond a reasonable doubt with respect to the fine imposed. Thus, we have no alternative but to direct a limited remand for resentencing with respect to the imposition of a fine.

Meyer further argues that the district court's alternative sentence cannot stand because the court failed to truly consider the 18 U.S.C. § 3553(a) factors, particularly those dealing with his characteristics and history, § 3553(a)(1), and with the kinds of sentences available, § 3553(a)(3). Our review of the record does not support Meyer's contention. Much of the sentencing hearing was devoted to evidence about Meyer's business and family ties, and the court had before it many letters in support of Meyer, as well as the results of psychological testing to which Meyer submitted. Meyer focuses on an exchange in which he was talking about his life, and the district court noted that while Meyer may have led a good life, the court was concerned with his criminal conduct. He claims this is evidence that the court only considered his crime, not the totality of his characteristics and life circumstances. A review of the sentencing transcript leads to a different conclusion. The conversation Meyer refers

-4-

to dealt with the court's belief that Meyer was minimizing his conduct. When asked to account for this, Meyer described to the court how he had led a good life. The court's response was an indication to Meyer that <u>at that time in the hearing</u> the court wanted him to address whether he took responsibility for his crime. While the court's attention may have been focused on Meyer's acceptance of responsibility at this point in the hearing, we find no indication in the record that the court ignored Meyer's history and characteristics. Accordingly, we find no merit to Meyer's contention that we should remand for resentencing on the basis that the court did not adequately tailor his alternative sentence to the § 3553(a) factors.

## CONCLUSION

In this criminal case, Meyer appeals his sentence, arguing that the district court imposed it in violation of <u>Booker</u>. Whatever error attached to the district court's use of the guidelines as mandatory was largely cured by its imposition of an alternative sentence of an identical 33-month prison term. Because the alternative sentence did not specify that the fine would be the same under both the guidelines sentence and the discretionary sentence, we direct a limited remand for imposition of a fine consistent with <u>Booker</u>.

———————————————————