# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1239

_____

United States of America,    *
        *
       Plaintiff - Appellee,    *
        *   Appeal from the United States
    v.        *   District Court for the Northern
        *   District of Iowa.
Miguel Rodriguez-Sanchez, also    *
known as Oscar Rodriguez, also known  *   [UNPUBLISHED]
as Piza, also known as Maro, also    *
known as Mado,    *
        *
       Defendant - Appellant.    *

_____

Submitted: November 14, 2005
Filed:  December 19, 2005

_____

Before MURPHY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Miguel Rodriguez-Sanchez, also known as Oscar Rodriguez, Piza, Maro, and Mado, pled guilty without a plea agreement on the first day of trial to conspiracy to distribute methamphetamine or methamphetamine mixture following a prior felony drug conviction in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  He

was sentenced by the district court[1] to 300 months imprisonment. Rodriguez-Sanchez appeals, arguing that his enhanced sentence violates his sixth amendment rights and is unreasonable. We affirm.

The presentence report stated that Rodriguez-Sanchez was responsible for 38,801 kilograms of marijuana equivalent and recommended a base offense level of 38 under the federal sentencing guidelines. The amended report recommended a four level adjustment for role in the offense and a two level reduction for acceptance of responsibility for a total offense level of 40 with a criminal history category of II.

Rodriguez-Sanchez responded to the report by challenging the recommended drug quantity, arguing that the quantities listed in the indictment did not correspond to those in the statute and that Blakely v. Washington, 542 U.S. 296 (2004), precluded a court finding that he was responsible for an amount in excess of that which he had conceded in his plea. He asserted that the appropriate base offense level under the guidelines would be 32 and that the total offense level should be 30. He acknowledged that he faced a statutory mandatory minimum sentence of twenty years.

At the sentencing hearing on January 7, 2005, the district court stated that it considered the federal sentencing guidelines unconstitutional under Blakely and would sentence him accordingly, but it also said it would fashion an alternative guideline sentence as well. The court began by calculating the alternative guideline sentence. It found a base offense level of 36, added a four level enhancement for aggravated role, made a two level reduction for acceptance of responsibility, and noted a criminal history category of II. The court indicated that it would not choose to depart upward based on underrepresentation of criminal history so the guideline sentencing range was 262 to 327 months.

---

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

The court then proceeded to sentencing, noting that Congress had provided a range between a mandatory minimum of 240 months and life imprisonment for the offense. The court considered the 18 U.S.C. § 3553(a) sentencing factors and expressly pointed to "the magnitude of the defendant's drug involvement, the fact that he has a prior drug conviction, [and] the fact that he's illegally reentered the United States on several occasions." The court indicated that 300 months would be the appropriate nonguideline sentence before it returned to consideration of an alternative guideline sentence. It decided that the appropriate guideline sentence would be close to the middle of the 262 - 327 month range and specifically 300 months. The court then imposed a sentence of 300 months imprisonment, 10 years supervised release, and a $100 special assessment. Its judgment was filed on January 14, 2005.

Rodriguez-Sanchez argues that his sixth amendment rights were violated because in his plea he had admitted accountability for only 500 grams of methamphetamine mixture or 50 grams actual methamphetamine and because the court rather than a jury was making the finding that he was responsible for more. His base offense level should therefore have been no more than 32 he argued, and he should have been sentenced to no more than the mandatory minimum of 240 months. He also contends that the sentence imposed is unreasonable because the sentencing range considered by the court was built on a base offense level of 38. The government responds that the sentence complied with United States v. Booker, 125 S.Ct. 738, 765-67 (2005), in that the court imposed a reasonable sentence after having treated the guidelines as not mandatory and having considered the § 3553(a) factors.

Although Rodriguez-Sanchez 's sentence was enhanced on judge found facts, he was not sentenced under a mandatory guideline scheme. Under Booker, the guidelines are no longer mandatory but should be consulted by the sentencing judge in addition to the § 3553(a) factors, 125 S.Ct. at 764-65, and judge found facts are permissible in this advisory guideline scheme. Id. at 750. We review his sentence for harmless error since he preserved a sixth amendment claim. See United States v.

-3-

Meyer, 427 F.3d 558, 560 (8th Cir. 2005).  The sentence imposed by the district court essentially complied with the requirements set in Booker to satisfy the Sixth Amendment.  The court considered the guidelines in forming its alternative sentence which was identical to its nonguideline sentence.  Thus, any sentencing error was harmless.  See United States v. Engler, 422 F.3d 692, 696 (8th Cir. 2005).  Since the sentence imposed was within the applicable guideline range, it is presumptively reasonable, see United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005), and the district court considered the § 3553(a) factors in imposing what we conclude was a reasonable sentence under all the circumstances.

Accordingly, we affirm the judgment of the district court.

_____