**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CLAUDIA IVETTE TORRES,

      Defendant - Appellant.

No. 04-2211
(D.C. No. CR-003-1259)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **McCONNELL**, Circuit Judges.

The district court, in imposing a $7,000 fine in this case, committed non-constitutional Booker[1] error; that is, the district court erred in treating the sentencing guidelines as mandatory. See United States v. Gonzalez-Huerta, 403 F.3d 727, 731-32 (10th Cir.) (en banc), cert. denied, 126 S. Ct. 495 (2005). Because Defendant-Appellant Claudia Ivette Torres failed to object to this error during sentencing, we review only for plain error. Because Torres has not established that she is entitled to resentencing under a plain-error standard and

---

[*]    This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    United States v. Booker, 543 U.S. 220 (2005).

because the district court did not otherwise abuse its discretion in imposing a fine, we AFFIRM.

## I. BACKGROUND

After a jury convicted Torres of possessing, with the intent to distribute, more than fifty kilograms of marijuana,[2] the district court sentenced her to forty-one months' imprisonment and imposed a $7,000 fine. On direct appeal, Torres challenges only the fine, arguing that 1) the district court committed non-constitutional Booker error when, in imposing the fine, the court treated the sentencing guidelines as mandatory; and 2) the district court abused its discretion in imposing any fine at all because Torres has no ability to pay it. Having jurisdiction to consider this appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we reject both arguments and AFFIRM.

## II. ISSUES

### A. Non-constitutional Booker error.

At the time the district court sentenced Torres, U.S.S.G. § 5E1.2(a) required the district court to "impose a fine in all cases, except where the

---

[2] The jury convicted Torres of violating 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Those statutes make it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). At sentencing, Torres stipulated to possessing over sixty-four kilograms of marijuana. Based upon that amount, Torres's conviction subjected her to a statutory maximum twenty-year sentence and a $1,000,000 fine. See 21 U.S.C. § 841(b)(1)(C).

defendant establishes that [s]he is unable to pay and is not likely to become able to pay any fine."[3]  That provision further provided that where

> the defendant establishes that (1) [s]he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, the court shall impose a lesser fine or waive the fine.

Id. § 5E1.2(e).

Under the guidelines, Torres, whose offense level was twenty-two, was subject to a minimum fine of $7,500.  See id. § 5E1.2(b), (c)(3) & (4).  Although the district court found that Torres had failed to meet her burden of proving that she was unable to pay any fine, the district court exercised its discretion to impose a fine below the guideline range, requiring Torres to pay only a $7,000 fine.  In doing so, however, it is clear that the district court felt constrained by § 5E1.2's mandate to impose some sort of fine.[4]  The district court noted that it

_____

[3]     The district court applied the version of § 5E1.2 effective November 2003.

[4]     The fact that § 5E1.2(e) provides a mechanism by which the district court can impose a fine less than the minimum fine called for by the guidelines, see United States v. Brown, 314 F.3d 1216, 1228 (10th Cir. 2003), does not mean that this guideline provision was discretionary even before Booker.  See United States v. Huber, 404 F.3d 1047, 1063 (8th Cir. 2005) (noting guideline provisions addressing fines are now advisory in light of Booker); see also United States v. Adams, 432 F.3d 1092, 1093, 1094 (9th Cir. 2006) (rejecting argument that, prior to Booker, a fine under § 5E1.2 was discretionary; holding that clear meaning of § 5E1.2(a)'s language was that "if a defendant has the means to pay the fine, the imposition of a fine is mandatory").  Before the district court could deviate from the guidelines' fine range, it had to make additional findings; for example, the

(continued...)

- 3 -

was "trying to comply with the guidelines;" inquired first of the probation officer exactly how the court should handle the situation "where I don't think she has assets to meet the guidelines minimum;" and further noted that "the guidelines say that the Court shall impose a fine in all cases except where the defendant establishes he is unable to pay and is not likely to become able to pay any fine." In light of these remarks, it is clear that the district court, in imposing a fine, treated the sentencing guidelines as mandatory. Doing so amounted to non-constitutional Booker error. See Gonzalez-Huerta, 403 F.3d at 732.

Because Torres did not assert a Booker objection at sentencing,[5] we will review only for plain error. See Gonzalez-Huerta, 403 F.3d at 732.

> Under [plain-error review], before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Cotton, 535 U.S. 625, 631 (2002) (quotations, citations, alterations omitted).

---

[4](...continued)
district court had to find that the defendant had shown she could not pay the minimum amount the guidelines required, and the court had to find the amount the defendant could pay. Absent those findings, U.S.S.G. § 5E1.2(a) required the district court to impose a fine within the guidelines' range.

[5] Although the Supreme Court had not yet decided Booker at the time the district court sentenced Torres, she could have preserved her Booker error by raising an objection under Blakely v. Washington, 542 U.S. 296 (2004). See United States v. Marshall, 432 F.3d 1157, 1160 (10th Cir. 2005).

It is clear that the district court, in treating the guidelines as mandatory, committed plain error. See Gonzalez-Huerta, 403 F.3d at 732; see also United States v. Meyer, 427 F.3d 558, 560-61 (8th Cir. 2005) (holding it is Booker error to impose a fine while treating the guidelines as mandatory). The Government concedes as much. We need not address the plain-error test's third prong, however, because Torres cannot meet that test's fourth prong. See United States v. Herron, 432 F.3d 1127, 1140 (10th Cir. 2005), cert. denied, 126 S. Ct. 1895 (2006).

Under the plain-error test's fourth prong, we "may exercise [our] discretion to notice a forfeited error . . . only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Cotton, 535 U.S. at 631 (quotations, citations, alterations omitted). This court "will not notice a non-constitutional [Booker] error . . . unless it is both particularly egregious and our failure to notice the error would result in a miscarriage of justice." United States v. Yazzie, 407 F.3d 1139, 1146 (10th Cir.) (en banc) (quotation omitted; emphasis added), cert. denied, 126 S. Ct. 303 (2005). Thus, "in most cases involving non-constitutional Booker error the defendant will be unable to satisfy the final [plain-error] prong." United States v. Williams, 431 F.3d 1234, 1240 (10th Cir. 2005), cert. denied, 126 S. Ct. 1823 (2006). In considering whether to notice non-constitutional Booker error, this court has considered the following:

"(a) a sentence increased substantially based on a <u>Booker</u> error; (b) a showing that the district court would most likely impose a significantly lighter sentence on remand; (c) a substantial lack of evidence to support the entire sentence the Guidelines required the district court to impose; (d) a showing that objective consideration of the 18 U.S.C. § 3553(a) factors warrants a departure from the sentence suggested by the Guidelines; or (e) other evidence peculiar to the defendant that demonstrates a complete breakdown in the sentencing process."

<u>United States v. Buonocore</u>, 416 F.3d 1124, 1134-35 (10th Cir. 2005) (quoting <u>United States v. Dowlin</u>, 408 F.3d 647, 669, 671 (10th Cir. 2005)) (alterations omitted); <u>see also</u> <u>United States v. Thomas</u>, 410 F.3d 1235, 1248, 1249 (10th Cir. 2005). In this case, Torres has failed to meet her burden under this fourth prong.

There is no suggestion in the record that, if we remanded this case, the district court, now treating the guidelines as only advisory, would impose a lighter fine or no fine at all. <u>See</u> <u>Herron</u>, 432 F.3d at 1140. Although the district court, in sentencing Torres, obviously felt constrained by the then-mandatory guidelines to impose some fine, the district court exercised its discretion to impose a fine below the suggested guideline range after implicitly finding that Torres could only pay $7,000.

Further, although the Government did not bear the burden of proving that Torres could pay that amount, the record, nevertheless, contains evidence that she could. There was, then, evidence to support the fine imposed.

In addition, 18 U.S.C. § 3553(a) provides that a sentence should reflect the seriousness of the offense, promote respect for the law and provide just

punishment, as well as avoid sentencing disparity.  See id. § 3553(a)(2)(A),

(a)(6).  In this case, Torres makes no clear argument on appeal why it would be

unjust to impose a fine on her, and no such reason is apparent to us from the

record.  See United States v. Moreno-Trevino, 432 F.3d 1181, 1188 (10th Cir.

2005).  The guidelines reflect that, upon conviction, imposition of a fine is the

national norm.  There is no reason apparent from the record that would take this

case outside the heartland of federal convictions generally and justify a deviation

from this national norm.  See Williams, 431 F.3d at 1240.  Therefore, Torres has

failed to meet her burden of convincing us to notice the district court's

non-constitutional Booker error and remand for resentencing.

### B.    Other challenges to the imposition of a fine.

In addition to her Booker argument, Torres also asserts that the district

court abused its discretion in imposing any fine at all.[6]  We disagree.

---

[6]    On appeal, Torres does not specifically challenge the amount of the fine imposed, but only the fact that the district court imposed any fine at all. Therefore, Torres's argument that the district court erred in considering U.S.S.G. § 5E1.2(d)'s factors is unavailing.  Those factors are relevant in determining the amount of a fine to be imposed.  See U.S.S.G. § 5E1.2(d); United States v. Foote, 413 F.3d 1240, 1252 (10th Cir. 2005) (noting § 5E1.2(d)'s factors inform the district court's decision as to what the amount of the fine should be); see also United States v. Corace, 146 F.3d 51, 56 (2d Cir. 1998).  In any event, it is clear that the district court considered these factors before imposing the $7,000 fine. The evidence before the district court addressed these issues.  See United States v. Doyan, 909 F.2d 412, 415 (10th Cir. 1990) (noting record suggested that district court gave appropriate consideration to defendant's "specific circumstances" where the issue of his "financial limitations . . . was raised both in the presentence report and during the sentencing hearing").

### 1. Standard of review.

This court reviews the imposition of a fine for an abuse of discretion. See United States v. Deters, 184 F.3d 1253, 1258 (10th Cir. 1999). Torres bears the burden of proving "both h[er] present and future inability to pay." Brown, 314 F.3d at 1228. This court will "reject a district court's findings regarding an ability to pay a fine only if they are clearly erroneous." United States v. Trujillo, 136 F.3d 1388, 1398 (10th Cir. 1998). Further, the district court is not required to make specific factual findings before imposing a fine, so long as "the record reflects the basis for the imposition of the fine." Id.; see also United States v. Washington-Williams, 945 F.2d 325, 328 (10th Cir. 1991) (noting "§ 5E1.2 merely requires that the record reflect the district court's consideration of the pertinent factors prior to imposing the fine").

### 2. Analysis.

To avoid any fine under § 5E1.2, Torres had to prove that "(1) [s]he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents." Id. § 5E1.2(e). Torres failed to make that showing. Instead, there is plenty of evidence to support the district court's finding that Torres can pay some sort of

fine.[7] First, according to her own testimony, she owns property in Mexico valued at $10,000.[8] Second, the record indicates that she possesses professional skills as a nurse's aide that give her the future ability to pay some sort of fine. Therefore, because there is evidence indicating that Torres has both the present and future ability to pay some fine,[9] the district court did not abuse its discretion in imposing a fine.

---

[7] For this reason, we need not consider Torres's assertion that, because the PSR indicated that she could not pay a fine, the burden of proof should have shifted to the Government to prove that she could pay a fine. Torres also asserts that the district court had to explain why it rejected the PSR's recommendation against a fine. To the extent that this assertion is true, the district court's reasons are clear. In particular, the district court noted that the PSR credited what Torres's mother told the probation officer preparing the PSR–that the mother, and not Torres, owned the property in Mexico. The district court, however, was unwilling to credit this assertion over Torres's own testimony given at sentencing that she, and not her mother, owned the Mexican property. Furthermore, after sentencing, defense counsel apparently sent the district court a letter acknowledging that it was Torres, and not the mother, who actually bought the property in Mexico, using money her mother gave her.

[8] Although Torres now disputes this, she can hardly fault the district court for crediting her testimony.

[9] Again, Torres has not specifically challenged the amount of the fine imposed, but instead has argued that the district court abused its discretion in imposing any fine at all.

## III. CONCLUSION

For these reasons, we reject Torres's challenge to the district court's imposition of a $7,000 fine and AFFIRM.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge