**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR HERNANDEZ,

Defendant - Appellant.

No. 14-3211
(D.C. No. 6:14-CR-10022-MLB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Victor Hernandez pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. At the sentencing

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

hearing, the district court sentenced Hernandez to 108 months' imprisonment, to be followed by four years' supervised release. Although the Presentence Report ("PSR") suggested several conditions of supervised release, the district court specifically declined to impose any of the suggested conditions other than the following: Hernandez was not to commit any other federal, state, or local crime while on supervised release. In so doing, the district court stated as follows:

> [T]he only condition that I'm going to impose on you, sir, is that you not commit any other federal, state or local crimes because the chances are very high that you'll be deported. If you then return illegally to the United States, that will be committing another crime; and in all probability, you'll be brought back before a judge, and as I told you when you plead guilty, you could be sentenced to additional time in this case.

R. Vol. 3. at 30.

Despite the district court's unequivocal oral pronouncement of sentence at the sentencing hearing, which limited the imposed conditions of supervised release to the single condition set out above, the written judgment in this case reflects some of the supervised-release conditions suggested in the PSR. Hernandez appeals, asserting the district court's orally pronounced sentence controls and, therefore, this court should remand the matter to the district court so that it can conform the written judgment to the sentence actually imposed. The government confesses error and, like Hernandez, asks this court to remand to the district court to bring its written judgment into conformity with its orally pronounced sentence.

-2-

This court has jurisdiction over Hernandez's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Upon an independent review, we agree that the written judgment entered by the district court varies impermissibly from the oral sentence announced at the sentencing hearing. *See United States v. Resendiz-Patino*, 420 F.3d 1177, 1182 (10th Cir. 2005) (noting this court is not bound by a party's concession of error). The sentence orally imposed by the district court operates as the final judgment in this case. *United States v. Villano*, 816 F.2d 1448, 1452 (10th Cir. 1987) (en banc); *United States v. Avalos-Zarate*, 986 F.2d 378, 379 (10th Cir. 1993) ("[A]n orally pronounced sentence controls over a judgment and commitment order when the two conflict.").

> The sentence in a federal criminal case is the punishment imposed orally by a sentencing judge in a defendant's presence. The written judgment and commitment order is not the sentence. If there is an ambiguity in the sentence, then such extrinsic evidence as the judgment and commitment order, the judge's intentions, or the defendant's understanding of what he believes the sentence to be, may be consulted. In the absence of such ambiguity in the sentence, as when there is a conflict between the oral sentence and the judgment and commitment order, the sentence, as orally pronounced, shall not be altered.

*Id.* at 1453 (footnotes omitted). The sentencing transcript in this case reflects unambiguously that the district court imposed one, and only one, condition on Hernandez's supervised release—that he not commit any additional federal, state, or local crimes while under supervision. Because the written judgment is at odds with that unambiguous sentence, "we grant [the parties' joint] request for a

remand, with instruction to the district court to bring its written judgment into conformity with its orally pronounced sentence." *United States v. Bowen*, 527 F.3d 1065, 1080 (10th Cir. 2008).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge